IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUNIUS LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| BEVERLY A. FOX, JR., | ) | Remove Case No.: 2014 CA-003292L (RP) |
| HSBC BANK, U.S.A, | ) | D.C. Superior Court |
| MARK H. WITTSTADT, SUBSTITUTE | ) | |
| TRUSTEE, | ) | |
| GERARD WM. WITTSTADT, JR., | ) | |
| SUBSTITUTE TRUSTEE, | ) | |
| FREEMONT INVESTMENT & LOAN, | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEM, | ) | |
| CAP TITLE, LLC, TRUSTEE, | ) | |
| CAZ CREEK DC, LLC, | ) | |
| LITTON LOAN SERVICING, LP | ) | |
| REAL TIME RESOLUTIONS, | ) | |
| NOMURA HOME EQUITY LOAN, INC., | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION FROM THE
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

TO:   United States District Court for the District of Columbia:

Ocwen Loan Servicing, LLC ("Ocwen"), HSBC Bank, USA ("HSBC Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS", incorrectly named as Mortgage Electronic Registration System), and Litton Loan Servicing, LP ("Litton") (collectively referred to as "Defendants"), by special appearance and through its undersigned counsel and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of that certain action known as

*Junius Lancaster vs. Beverly A. Fox, Jr., et al.*, Case No. 14-0003292 from the Superior Court of the District of Columbia to this Court, respectfully showing as follows:

1. On or about May 29, 2014, Plaintiff Junius Lancaster ("Plaintiff") filed a certain civil action identifiable as *Junius Lancaster vs. Beverly A. Fox, Jr., et al.*, bearing Case No. 14-0003292, in the Superior Court of the District of Columbia (hereinafter the "Civil Action"). A complete copy of the Complaint and all other papers filed with the Superior Court of the District of Columbia are collectively attached hereto as **Exhibit "A."** The Complaint seeks equitable and declaratory relief pertaining to allegations of mortgage fraud in or around April 2006 on real property located at 1125 Allison Street NW, Washington, D.C. 20011 (the "Property"). Plaintiff is not seeking any damages in the Complaint.

2. No further proceedings have been filed in the Superior Court of the District of Columbia with regard to the Civil Action and the Complaint constitutes the only pleading that has been filed. To date, Plaintiff has only filed proof of service for the District of Columbia, a nominal and improper party to this action. Accordingly, as Plaintiff has failed to serve any of the other Defendants, removal is timely pursuant to 28 U.S.C. § 1446(b).[1]

3. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been originally filed in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332.

## **DIVERSITY JURISDICTION**

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and the property joined Defendants and the amount in controversy exceeds the jurisdictional threshold.

---

[1] The Superior Court's online docket reflects a June 19, 2014 filing of an "affidavit of attempted service" regarding Defendant Fox. This document has not been reviewed by Removing Defendants, but the title demonstrates that Defendant Fox has not been served.

5. As alleged in the Complaint, Plaintiff is a citizen of the State of Maryland. (Compl. ¶ 2).

6. Defendant, Ocwen Loan Servicing, LLC, is a limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. See Shulman v. Voyou, LLC, 305 F. Supp. 2d 36, 40 (D.D.C. 2004) (citing C.T. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S. Ct. 1015 (1990). Ocwen's sole member is Ocwen Mortgage Servicing, Inc. For the purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state in which it was been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Ocwen Mortgage Servicing, Inc. is incorporated in and maintains its principal place of business at 402 Strand Street, Frederiksted, U.S. Virgin Islands 00840. Therefore, for the purposes of diversity jurisdiction, Ocwen is a citizen of the U.S. Virgin Islands.

7. HSBC Bank is a national banking organization. For diversity purposes, "a national bank ... is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located." See Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S.Ct. 941 (2006). The main office of HSBC Bank is McLean, Virginia. Therefore, HSBC Bank is a citizen of Virginia.

8. Litton Loan Servicing, LP is a company organized and existing under the laws of a state other than Maryland with its principal place of business Texas. (See Compl.). Therefore, Litton is not a citizen of Maryland.

9. MERS is a corporation organized and existing under the laws of a state other than Maryland with its principal place of business in Virginia. (See Compl.). Therefore, MERS is not a citizen of Maryland.

10. Nomura Home Equity Loan, Inc. ("Nomura") is a corporation organized and existing under the laws of a state other than Maryland. (See Compl.). Therefore, Nomura is not a citizen of Maryland.

11. Real Time Resolutions is a company organized and existing under the laws of a state other than Maryland. (See Compl.). Therefore, Real Time Resolutions is not a citizen of Maryland.

12. Freemont Investment and Loan ("Freemont") is a company organized and existing under the laws of a state other than Maryland. (See Compl.). Therefore, Freemont is not a citizen of Maryland.

13. Beverly A. Fox, Jr. ("Fox") is an individual who is a citizen of a state other than Maryland. (See Compl.).

## IMPROPER JOINDER OF NOMINAL DEFENDANTS

14. In addition to the Defendants discussed above, Plaintiff's Civil Action also names Mark H. Wittstadt and Gerard Wm. Wittstadt, Jr. (hereinafter the "Substitute Trustees"), CAP Title, LLC ("Cap Title"), Caz Creek DC, LLC ("Caz Creek"), the District of Columbia and the Attorney General of the District of Columbia (collectively referred to as the "District of Columbia") as defendants. Aside from the fact that some of these defendants are diverse parties, these defendants have either been fraudulently or improperly joined or are nominal defendants such that their citizenship has no bearing on the determination of diversity jurisdiction before this Court.

15. "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to this controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 100 S. Ct. 1779 (1980). "Parties are not 'real' where they are joined "only as the

designated performer of ministerial act" or have no "control of, impact on, or stake in the controversy." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 92 126 S. Ct. 606 (2005); see also Busby v. Capital One, N.A., 932 F. Supp. 2d 114 (D.D.C. 2013).

16. Where no viable cause of action has been stated against it, a non-diverse defendant is fraudulently joined and its presence in the lawsuit is thus ignored for the purposes of determining the propriety of removal. See AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (fraudulent joinder occurs where there is "no colorable ground" for seeking judgment against a non-diverse defendant). The doctrine of fraudulent joinder allows the court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

A.   **The Substitute Trustees.**

17. The Substitute Trustees are sued only in their capacity as substitute trustees in the attempted foreclosure of the Property subject to the deed of trust at issue in the Complaint. (See Compl., ¶¶ 5-6). The Substitute Trustees are, apparently, citizens of Maryland. (See Compl.). However, Plaintiff's Complaint is devoid of any substantive allegations against them, only listing them as defendants in their limited capacity. Accordingly, they are nominal defendants and/or are fraudulently joined in an attempt to destroy diversity jurisdiction. See Correll v. Bank of America, N.A., 2012 WL 348594 (E.D. Va. Feb. 2, 2012) (denying plaintiff's motion to remand, holding that the co-defendant substitute trustee's citizenship is not a factor in the diversity analysis, finding the substitute trustee was a nominal defendant only because a borrower has no plausible cause of action against a substitute trustee under a deed of trust); Sherman v. Litton

Loan Servicing, 796 F.Supp.2d 753, 760 (E.D. Va. 2011) (denying plaintiff's motion to remand finding that substitute trustee was fraudulently joined).

18. The Substitute Trustees have no ownership interest in the Property. Therefore, based on the above, the Substitute Trustees' citizenship should be ignored for the purposes of determining the propriety of removal because they have been fraudulently joined as a defendant or, at best, are nominal parties to this action.

**B.     Cap Title.**

19. Much like the Substitute Trustees, Plaintiff names Cap Title to the Civil Action as the "title company that oversaw the April 29, 2006 transaction." (Compl., ¶ 8). Cap Title is, apparently, a limited liability company in Maryland. (See Compl.). However, according to the Maryland Department of Assessments & Taxation, Cap Title is no longer a corporate entity registered with the State of Maryland and was forfeited as of October 3, 2008.

20. Even in light of its apparent inactive status, Cap Title has no ownership interest in the Property and Plaintiff's Complaint contains no substantive allegations against Cap Title whatsoever. As shown by the case law stated supra, Cap Title should be considered a nominal defendant and/or fraudulently joined such that its location is not a factor in determining diversity jurisdiction before this Court. As alleged by Plaintiff, any involvement by Cap Title in relation to the Property would have been in April 2006. (See Compl.). As outlined above, Cap Title has no interest in the Property and, as such, is not a proper party to Plaintiff's Complaint seeking equitable relief as to the rights and title to the Property. Accordingly, the citizenship of Cap Title should be ignored because they have been fraudulently joined to this action and/or are nominal parties in this case as they have no interest in the Property.

C.  **Caz Creek and the District of Columbia**.

21. Finally, Plaintiff names Caz Creek and the District of Columbia as defendants to the Civil Action. Caz Creek is a limited liability company with its principal place of business in North Carolina. (See Compl.). The District of Columbia is also not a citizen of Maryland. Therefore, each of these parties satisfies the requisite elements for diversity jurisdiction.

22. Plaintiff has named these parties strictly due to the fact that Caz Creek purchased a Tax Deed Certificate from the District of Columbia on July 17, 2013 for outstanding taxes owed on the Property. (Compl., ¶ 38). On March 18, 2014, Caz Creek filed a Complaint to Foreclose Right of Redemption (the "Redemption Complaint") in the matter of *MTAG as Custodian for Caz Creek, LLC vs. Junius Lancaster, et al.*, bearing Civil Action No. 2014CA-001739L(RP) in the Superior Court of the District of Columbia. (Compl., ¶ 38). The Redemption Complaint remains pending before the Superior Court of the District of Columbia.

23. Plaintiff alleges that the District of Columbia is a "municipal corporation required to be named as a defendant in this action pursuant to D.C. Code § 47-1371(b)(1)(G)." (Compl., ¶ 14). Despite naming it separately as a defendant, Plaintiff makes no substantive allegations against the Attorney General for the District of Columbia. (See Compl.).

24. Plaintiff's attempts to "quiet title" to Caz Creek's tax deed are futile as Caz Creek is an improper party to this action. "The lien created by nonpayment of real property taxes is an automatic lien which is perfected whenever full payment including penalty and interest is not made on the due date and shall be a prior and preferred claim over all other liens." D.C. Code § 47-1312(a-1). As Caz Creek has a preferred claim on the Property, Plaintiff cannot quiet title to Caz Creek's tax deed.

25. Despite Plaintiff's best efforts at naming the District of Columbia as a necessary party, the statute cited by Plaintiff refers exclusively to tax sales and tax redemption matters such as the Redemption Complaint filed by Caz Creek. See D.C. Code § 47-1371. This illustrates the fact that Redemption Complaint has nothing to do with the substantive allegations of Plaintiff's Complaint -- all of which center around alleged mortgage fraud occurring in or around April 2006. (See Compl.). Moreover, the District of Columbia transferred its' interest in the property with respect to taxes owed on the subject property to Caz Creek, which is currently being handled in a separate proceeding. Finally, Plaintiff seeks relief "permanently and forever debarring the rights, if any, of all Defendants ..." (See Complaint, pg. 11). This is improper as the District of Columbia will have a continuing right to collect future taxes owed on the Property. Any attempt to quiet title to this right, or for a declaratory judgment holding that the District of Columbia no longer has such a right, is futile.

26. Caz Creek and the District of Columbia are not real parties in interest in this matter. Aside from the fact that both maintain diversity jurisdiction, their presence in this matter is merely nominal as they are named solely due to a priority tax deed that is being litigated in a separate lawsuit. Accordingly, their citizenship and rights should not be considered for the purposes of evaluating diversity jurisdiction in this case.

## AMOUNT IN CONTROVERSY

27. Plaintiff's Complaint does not state an amount in controversy. Rather, Plaintiff seeks, among other things, to void the mortgage loan and declare that Plaintiff is vested with an "absolute and indefeasible estate in fee simple in and to the Property, free and clear to any encumbrances whatsoever" for the Property. (See Compl.). The Complaint is comprised exclusively of claims for equitable, declaratory, and injunctive relief.

28. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Lurie v. Mid-Atlantic Permanente Med. Group, P.C., 729 F. Supp. 2d 304 (D.D.C. 2010). Where a "Plaintiff seeks a declaratory judgment that [a mortgage is] void [and if]…the declaratory relief requested by Plaintiff were granted, Defendant would be unable to foreclose on the subject property or collect the outstanding balance on the note. [Then a removing defendant]…has established to a legal certainty that the amount in controversy requirement is satisfied." Void v. OneWest Bank, 2011 U.S. Dist. LEXIS 82370 (D. Md. July 27, 2011).

29. The Property is currently assessed by the District of Columbia Office of Tax and Revenue as having an assessed value of Three Hundred Twelve Thousand Four Hundred Fifty Dollars and Zero Cents ($312,450.00).[2]

30. The original principal balance of the mortgage loan which holds a first priority interest on the Property was Two Hundred Eighty Eight Thousand Dollars and Zero Cents ($288,000.00). The unpaid balance on that mortgage loan is currently $285,921.71.

31. Accordingly, the value of the Property at issue exceeds the jurisdictional threshold of $75,000.00 pursuant to 28 U.S.C. § 1332(a).

## VENUE

32. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of the District of

---

[2] This Court may take judicial notice of the records maintained by the District of Columbia Office of Tax and Revenue pursuant to Fed. R. Evid. 201. These tax records are maintained by the District of Columbia Office of Tax and Revenue and qualify under the rule as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Columbia, the form in which the Civil Action was pending. By filing this Notice of Removal, Defendants do not waive any of their respective jurisdictional obligations or other defenses.

### CONSENT BY OTHER DEFENDANTS IS NOT REQUIRED

33. The consent by other defendants to this removal is not required. In multi-defendant cases, consent by all defendants to removal is not required where either (1) one or more defendants has not been served with the initial pleading at the time the removal petition was filed or (2) a defendant is merely a nominal or formal party-defendant. See Busby v. Capital One, N.A., 932 F. Supp. 2d 114 (D.D.C. 2013) (citing 28 U.S.C. § 441(c); Williams v. Howard Univ., 984 F.Supp. 27, 30 (D.D.C. 1997)). As illustrated supra, none of the substantive defendants have been served with the initial pleading at the time of this removal and, moreover, any defendants which may have been served are nominal parties whose citizenship is not considered for diversity jurisdiction.

### NOTICE

34. Notice to the Superior Court of the District of Columbia, which includes a duplicate of this Notice of Removal to Federal Court, is being filed with the Clerk of the Superior Court of the District of Columbia as provided by 28 U.S.C. § 1446(d).

35. Written notice of the filing of this Notice of Removal will be sent to Plaintiff as provided in 28 U.S.C. § 1446(d).

Respectfully submitted,

_____
Christopher M. Corchiarino (Bar No. 487604)
Goodell DeVries Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4038
Facsimile: (410) 783-4040
cxc@gdldlaw.com

*Counsel for HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2005-A, Mortgage-Backed Certificates, Series 2005-A*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of June 2014, a copy of the foregoing was sent by first class mail to:

Kimberly Fahrenholz
Patrick Horrell
Rosenau LLP
1304 Rhode Island Avenue, NW
Washington, DC 20005
Counsel for Plaintiff

Beverly A. Fox, Jr.
1125 Allison Street, NW
Washington, DC 20011

Mark H. Wittstadt
Substitute Trustee
c/o Morris Hardwick Schneider
9409 Philadelphia Road
Rosedale, MD 21237

Gerard WM. Wittstadt, Jr.
Substitute Trustee
c/o Morris Hardwick Schneider
9409 Philadelphia Road
Rosedale, MD 21237

Freemont Investment & Loan
Serve: Duly authorized officer or agent
2727 East Imperial Highway
Brea, CA 92821

Cap Title, LLC, Trustee
Serve: Member or duly authorized agent
401 North Washington Street, Suite 525
Rockville, MD 20850

CAZ Creek DC, LLC
1235-E East Boulevard
Suite 188
Charlotte, NC 28203

Real Time Resolutions
1349 Empire Central Drive
Suite 150
Dallas, TX 75247

Nomura Home Equity Loan, Inc.
2711 Centerville Road
Suite 400
Wilmington, DE 19808

The District of Columbia
Serve: Mayor of the District of Columbia
Vincent C. Gray
Attention: Anita Carter
Head of Correspondence
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

Attorney General
The District of Columbia
Attention: Darlene Fields
441 4th Street, NW
Washington, DC 20001

All unknown owners of the property described below, their heirs, devisees, personal representatives, and executors, administrators, grantees, assigns, or successor in right, title, interest and any and all person having or claiming to have

any interest in the leasehold or fee simple in the property and premises situate, lying and being in the District of Columbia described as Square 2918, Lot 0060, more commonly known as 1125 Allison Street, NW, Washington, DC  20011

_____
Christopher M. Corchiarino

4830-2790-7355, v. 1